COX *vs.* REES ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE
JUDGE OF THE SEVENTH PRESIDING.

The surety in a mortgage for specified sums, consisting of a principal debt
and the interest accruing on it, is not liable for a private account owing
the same person by the principal debtor.

Where the creditor receives funds of his debtor, he has a right to apply them
to the debts that are due and payable, in preference to others more
onerous, but which are not due.

So a mortgage debt, which the debtor had a greater interest in paying, but not being due, is not entitled to imputation or preference over one less onerous, and already due and payable.

This suit is instituted to recover from David Rees, as principal, and John H. Thomas, as surety, the sum of one thousand four hundred and ninety-eight dollars and fourteen cents, as a balance due on the following account; and also a small balance on another account.

" Col. David Rees,
    " 1827.                              To N. Cox, Dr."
June 16.   To amount of judgment in favor of
                N. Cox,    -    -    -    -    - $1498 14
   "   "    To 10 per cent. interest, from 3d April,
                1816, to this day—11 years, 2
                months, and 13 days, -    -    - 1678 32
   "   "    Amount of all costs,    -    -    - 35 50
                                                _____
                                               $3211 96"
                                                _____

" Received of Col. David Rees, the amount of the judgment as above stated in an act of mortgage, passed this day, before the honorable Paul Briant, judge of the parish of St. Martin.   St. Martinsville, 16th June, 1827."
                        " JOHN BROWNSON,
                                Attorney for N. Cox."

The mortgage was executed of even date with the foregoing receipt, on a tract of land and several slaves, with J. H. Thomas, who intervened in it as surety.

The above debt was divided into two parts of principal and interest accrued.    The interest part, amounting to one thousand seven hundred and thirteen dollars and eighty-two cents, was made payable in the act of mortgage in one and two years from its date.    The principal was also divided into two parts or instalments, payable in three and four years, with ten per cent. per annum interest, from the date until paid.

WESTERN DIST.    In the year 1829, and before any of the instalments were
September, 1836. paid, Rees subscribed for shares of stock in the Consolidated
COX              Association Bank of Louisiana, and applied to the plaintiff's
vs.              agent in St. Martinsville to postpone the mortgage, and allow
REES ET AL.      him to mortgage the same property to the bank to secure his
stock, on condition that the two first instalments (embracing
the interest of the original debt, as above,) should be paid
out of the first moneys received from the bank.

The plaintiff's agent agreed to this arrangement; and
Thomas, the surety, assented in the following terms :

                              " St. Martinsville, April 24, 1829."
" Mr. J. Brownson,
    " Dear Sir : Col. David Rees having proposed to pay off
the entire interest on the Cox claim, which now amounts to
more than the original debt, upon our agreeing to release his
negroes, mortgaged in part for the payment of that debt, I
beg to state that I am willing to that arrangement, provided
the land already mortgaged continues to be mortgaged for
the original debt, and the claim of Cox to have the preference
against the land over *all* others."

In accordance with the arrangement made with the plain-
tiff's agent, and the assent of the surety in the foregoing
letter, the slaves in the mortgage were released in favor of
the bank, but retained on the land.   On the 19th March,
1830, before the two last instalments of the old debt secured
by the mortgage became due, the plaintiff received Mr.
Rees's check for three thousand five hundred and ninety dol-
lars, on the bank.   The former applied this sum in payment
of the two first instalments, being the interest of the old debt,
and the remainder to an account for supplies and advances
made for Rees.   There was still a balance of this last
account, and the principal of the mortgage debt unpaid.

The District Judge rendered judgment against both
defendants, (Rees, and his surety, Thomas,) for the sum of
one thousand four hundred and ninety-eight dollars and
fourteen cents, and the interest, at the rate of ten per cent.

per annum, as stipulated in the mortgage, and for the further sum of two hundred and two dollars and fifty cents, balance of the private account, with legal interest, and ordered the mortgaged premises to be seized and sold to satisfy said judgment. The defendants appealed.

*Brownson* and *C. Voorhies*, for the plaintiff.

1. The appellant, Thomas, cannot be discharged from his suretyship on the ground that the plaintiff has released or postponed the mortgage which he had on the slaves in favor of the Consolidated Association Bank, because he consented to it under certain conditions, which have been complied with on the part of the plaintiff.

2. The sum of nineteen hundred and twenty dollars and twelve cents, arising from the funds obtained from the Consolidated Association, which the plaintiff received from David Rees, was imputed, according to the understanding of the plaintiff with the appellant, to the payment of the two first instalments due on the act of mortgage to the former, being for the interest which had accrued on the original demand.

*Simon* and *Brent*, for defendants.

1. The plaintiff has released his mortgage without the surety's consent, which discharges him from all liability under his suretyship.

2. The assent of the surety was given conditionally, that the mortgage should be retained on the land, and a part of the other debts be paid off, which has not all been done.

3. The sum of money received by the plaintiff was sufficient, if it had been properly applied, in payment of the whole debt.

4. The payment by Rees should have been imputed to the most onerous of his debts, even those not actually due. 12 *Duranton, No.* 195.

*Martin, J.,* delivered the opinion of the court.

The defendants and appellants complain that the district judge erred in stating the plaintiff's claim, and striking the

WESTERN DIST.
September, 1836.

COX
vs.
REES ET AL.

balance.   Rees, the principal debtor, owed the plaintiff thirty-two hundred and eleven dollars and ninety-six cents, which he secured by mortgage and the security of his co-defendant.  The latter consented that Rees should transfer his mortgage to the Consolidated Association Bank, and release it as to the slaves, the mortgage still remaining on the land, on condition that the sum of seventeen hundred and thirteen dollars and eighty-two cents, which was due for interest and costs, and was part of the said claim, should be discharged out of the money to be obtained out of the Consolidated Association Bank.

The district judge rendered judgment against both defendants for the amount of the principal debt of fourteen hundred and ninety-eight dollars and fourteen cents, with interest, as stipulated in the mortgage, and for two hundred and one dollars and fifty cents, the balance of an account due by Rees alone to the plaintiff.

The defendant, Rees, has not shown that he is injured by the judgment.  His co-defendant argues that he is improperly charged for the balance due by Rees on his private account, as his suretyship is confined to the sum stated in the mortgage.   He further urges that the balance of the money received by the plaintiff from the Consolidated Association Bank, on Rees's check, after deducting the amount of the interest and costs on the original debt, should have been imputed to the principal of the mortgage debt, and not applied to the reduction of the private account of the plaintiff against Rees.

It is clear that the defendant, Thomas, is not chargeable for the balance of this account.

The plaintiff, not being restrained by any stipulation of either of the defendants as to the money received from the bank, except as to the interest on his claim, had an undoubted right to apply it to the only debt of Rees, then due and payable.   The mortgage debt, which Rees had a greater interest to pay, not being as yet payable, was entitled to no preference over a debt less onerous, which was then payable.

The surety in a mortgage for specified sums, consisting of a principal debt and the interest accruing on it, is not liable for a private account owing the same person, by the principal debtor.

Where the creditor receives funds of his debtor, he has a right to apply them to the debts that are due and payable, in preference to others more onerous, but which are not due.

So, a mortgage debt, which the debtor had a greater interest in paying, but not being due, is not entitled to imputation, or preference over one less onerous and already due and payable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and, proceeding to give such judgment as in our opinion ought to have been given in the court below, it is ordered, adjudged and decreed, that the plaintiff recover from the defendant, Rees, as principal, and John H. Thomas, as surety, the sum of fourteen hundred and ninety-eight dollars and fourteen cents, with ten per cent. interest per annum, from the 16th of June, 1827, until paid; and it is further ordered, that the plaintiff do recover from the defendant, Rees, the further sum of two hundred and one dollars and fifty-one cents, with interest at five per cent. per annum, from the 7th of October, 1834, until paid; it is further ordered, that the land specified in the petition as mortgaged for the security of the original debt be first seized and sold to satisfy the said sum of fourteen hundred and ninety-eight dollars and fourteen cents, the plaintiff and appellee paying the costs in this court, and the appellants paying those in the court below.